**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000739
30-JUN-2014
08:19 AM**

NO. CAAP-14-0000739

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

GAIVIN ALAO and GEMMA ABELLA ALAO,
Plaintiffs-Counterclaim Defendants-Appellants,
v.
ONEWEST BANK, FSB,
Defendant-Counterclaimant Plaintiff-Appellee,
and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
Defendant-Appellee,
and
Does 1-50, Defendant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-2746-12)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ. )

Upon review of the record, it appears that we lack appellate jurisdiction over the appeal by Plaintiffs-Counterclaim Defendants-Appellants Gaivin Alao and Gemma Abella Alao (Appellants).

On December 28, 2010, Appellants filed a Complaint for Declaratory and Injunctive Relief, for Rescission and for Damages against Defendant-Counterclaimant-Appellee OneWest Bank, FSB (Onewest) and Defendant-Appellee Mortgage Electronic Registration Systems (MERS) (collectively Appellees).

On May 25, 2011, Appellants filed a First Amended Complaint for Declaratory and Injunctive Relief, for Rescission

and for Damages against Appellees. Appellants requested Declaratory Relief for violation of HRS Chapter 480 (Count I), Damages for Unfair and Deceptive Acts and Practices for violation of HRS Chapter 480 (Count II), Declaratory Relief and Damages for Illegal and Fraudulent Assignment of their mortgage (Count III), TILA Cancellation and Rescission (Count IV), Declaratory Judgment for title (Count V), and Punitive Damages (Count VI).

On November 20, 2011, Appellees filed an Answer to the First Amended Complaint and Onewest filed a Counterclaim against Appellants for (1) Ratification of Non-Judicial Foreclosure and (2) Writ of Possession for the Property.

On April 15, 2012, Appellees filed a Motion for Summary Judgment Re: First Amended Complaint and Onewest Bank, FSB's Counterclaim for (1) Ratification of Non-Judicial Foreclosure and (2) Writ of Ejectment/Possession. Appellees requested summary judgment in their favor on all of Appellants' claims and summary judgment in favor of Onewest on all of Onewest's counterclaims.

Also on April 15, 2012, Appellees filed a Motion to Disqualify the Dubin Law Offices from Representing Plaintiffs. Appellees alleged that an attorney with Dubin Law Offices previously represented Onewest, thus, there was a conflict of interest that disqualified the entire firm from representing Appellants.

On October 5, 2012, the circuit court issued a Memorandum Opinion on Motion to Disqualify the Dubin Law Offices from Representation of Plaintiffs and Order. The circuit court granted Appellees' Motion to Disqualify the Dubin Law Offices from Representing Plaintiffs.

On November 5, 2012, the circuit court denied "Plaintiff's (1) Motion for a Stay Renewing Request for an Evidentiary Hearing Concerning the Disqualification of the Dubin Law Offices from the Representation of Plaintiffs, or in the Alternative (2) Motion for a Stay Reserving Question of the Disqualification to the Hawaii Supreme Court pursuant to HRAP Rule 15, or in the Alternative (3) Motion for Stay Pending Appeal to the Hawaii Intermediate Court of Appeals and/or Pending Emergency Petition to the Hawaii Supreme Court."

On July 7, 2013, Appellants filed a "Rule 54(b) Revision Motion to Set Aside the October 5, 2012 'Memorandum Opinion on Motion to Disqualify the Dubin Law Offices from representation of Plaintiff and Order' Based on Mistake and/or Fraud upon the Court and for Sanctions" (Motion to Set Aside). Appellants requested, pursuant to Hawai‘i Rules of Civil Procedure (HRCP) Rule 54(b) and 60(b), that the circuit court change its decision regarding the disqualification of the Dubin Law Offices.

On August 30, 2013, the circuit court issued an Order Granting Defendants Onewest Bank, FSB's and Mortgage Electronic Registration Systems, Inc.'s Motion for Summary Judgment Filed March 15, 2012.

On September 11, 2013, a Judgment was entered in favor of Appellees and against Appellants on all of Appellants' claims in the First Amended Complaint and in favor of Onewest and against Appellants on all counterclaims by Onewest.

On March 3, 2014, the circuit court issued an "Order Denying Plaintiffs and Counterclaim Defendants Gaivin Alao and Gemma Abella Alao's Rule 54(b) Revision Motion to Set Aside the October 5, 2012 'Memorandum Opinion on Motion to Disqualify the Dubin Law Offices from Representation of Plaintiffs and Order' Based on Mistake and/or Fraud upon the Court and for Sanctions, Filed on July 3, 2013" (Order Denying Motion to Set Aside).

On April 2, 2014, Appellants filed a Notice of Appeal. Appellants appeal from (1) the Memorandum Opinion on Motion to Disqualify the Dubin Law Offices from Representation of Plaintiffs and Order, filed on October 5, 2012, (2) the Order Granting Defendants Onewest, FSB's and Mortgage Electronic Registration Systems, Inc.'s Motion for Summary Judgment Filed March 15, 2012, filed on August 30, 2013, (3) the Judgment, filed on September 11, 2013, and (4) the Order Denying Motion to Set Aside.

HRS § 641-1(a) (Supp. 2013) authorizes appeals from "final judgments, orders, or decrees[.]" HRS § 641-1(a). Appeals under HRS § 641-1 "shall be taken in the manner . . .

provided by the rules of the court." HRS § 641-1(c) (Supp. 2013).

Rule 58 of the HRCP requires that "[e]very judgment shall be set forth on a separate document." The Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). Thus, the circuit court must enter a single judgment that resolves all claims in all cases that the circuit court has consolidated, unless the circuit court certifies the judgment (on less than all claims) for appeal pursuant to HRCP Rule 54(b).

The September 11, 2013 Judgment was a separate final judgment entered in favor of Appellees and against Appellants on all claims in the First Amended Complaint and in favor of Onewest and against Appellants on all counterclaims by Onewest. Thus, the September 11, 2013 Judgment was an appealable final judgment under HRS § 641-1.

"[A]s a general rule, an appeal from a final judgment in a case brings up for review all preceding interlocutory orders in the case." State v. Adam, 97 Hawai'i 475, 482, 40 P.3d 877, 884 (2002) (citations omitted). As this court held in CAAP-12-0000982, the Memorandum Opinion on Motion to Disqualify the Dubin Law Offices from Representation of Plaintiff and Order, filed on October 5, 2012, was an interlocutory order. Therefore, the Memorandum Opinion on Motion to Disqualify the Dubin Law Offices from Representation of Plaintiffs and Order, filed on October 5, 2012 is appealable only if the final judgment was properly appealed.

An order granting a motion for summary judgment is also an interlocutory order. Bank of Honolulu v. Anderson, 3 Haw. App. 545, 548, 654 P.2d 1370, 1373 (1982)(motions granting and

-4-

denying the motions for summary judgment is not a "judgment" as the word is used in HRCP Rule 54(a), 58, and 73(a)). Thus, the Order Granting Defendants OneWest, FSB's and Mortgage Electronic Registration Systems, Inc.'s Motion for Summary Judgment Filed March 15, 2012, filed on August 30, 2013, is also appealable only if the final judgment was properly appealed.

Lastly, the Order Denying Motion to Set Aside is appealable only if the final judgment was properly appealed.

Appellants filed a Notice of Appeal on April 2, 2014. However, the Judgment was filed on September 11, 2013. Thus, the Notice of Appeal was filed more than 30 days after the entry of the Judgment.

Appellants attempt to rely upon the March 3, 2014 denial of their Motion to Set Aside to extend the time to file a notice of appeal.

"If any party files a timely motion for judgment as a matter of law, to amended findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion[.]" HRAP Rule 4(a)(3).

"HRCP Rule 54(b) is applicable to the reconsideration of a pre-judgment interlocutory order, because HRCP Rule 54(b) provides that an order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Stop Rail Now v. De Costa, 120 Hawai'i 238, 245, 203 P.3d 658, 665 (App. 2008). However, "The tolling provision in HRAP Rule 4(a)(3) applies to a motion to reconsider a "judgment," not an interlocutory order." Id. Thus, the Motion to Set Aside was not a tolling motion and could not extend the time to file a notice of appeal.

Appellants also cited HRCP Rule 60(b) as authority for the Motion to Set Aside. However, "Rule 60(b) only applies to a' "final judgment, order, or proceeding. . . This court has defined "final order" to mean "an order ending the proceedings, leaving nothing further to be accomplished. Consequently, an order is

not final if the rights of a party involved remain undetermined or if the matter is retained for further action." Cho v. State, 115 Hawai'i 373, 382-83, 168 P.3d 17, 26-27 (2007). Motions for reconsideration of an interlocutory order cannot be properly characterized as a motion under HRCP Rule 60(b). Id. at 383, 168 P.3d at 27 (citing Peterson v. Lindher, 765 F.2d 698, 704 (7th Cir. 1985)(motions for reconsideration of interlocutory order cannot be properly characterized as a motion under FRCP Rule 60(b)). Therefore, relief pursuant to HRCP Rule 60(b) was not available. Id. (HRCP Rule 60(b) relief not available for motion for reconsideration of interlocutory sanction order).

Absent a tolling of the time to file a notice of appeal, a notice of appeal must have been filed within 30 days after entry of the September 11, 2013 Judgment. The Notice of Appeal was not filed until April 2, 2014. Therefore, the appeal was untimely. HRAP Rule 4(a)(1). The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP].").

For these reasons, IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 30, 2014.

Presiding Judge

Associate Judge

Associate Judge

-6-